## COMMERCIAL SAVINGS BANK & TRUST

### CO et v EISENMAN et

Ohio Appeals, 6th Dist, Lucas Co

No 2805. Decided July 10, 1933

John T. Bricker, Attorney General, Columbus, Brown & Sanger, Toledo, Maurice J. Mayer, and Milo J. Warner, Toledo, for plaintiffs in error.

Edgar M. Flowers, Toledo, for defendants in error.

### OPINION

#### By THE COURT

It is claimed that the court below erred in directing a verdict for the plaintiff, and in refusing a request that the question of damages be left to the determination of the jury.

We find no error in directing a verdict for the plaintiff for some amount, but hold that the court below erred to the prejudice of plaintiff in error in refusing to submit to the jury the question of the amount which plaintiff was entitled to recover for the conversion of the Stewart note. Evidence was offered by plaintiff tending to show that the value of the property covered by the mortgage given to secure that note was in excess of the amount due and payable upon the note and the defendant below offered evidence tending to show that the value was much less than such amount. It also appears that the note was past due and that many monthly installments payable thereon were not paid. In fact, installments for a period of about five years were in default. In addition, at the time of the conversion the entire amount of the principal of the note was past due. Defendant in error contends that, in the absence of evidence, the presumption is that the note is worth its face value and therefore the direction by the court that the jury return a verdict for the full amount of the note and interest was justified. We think this court is not called upon at this time to decide whether there is such a presumption as to past due commercial paper, for the reason that in the instant case there was evidence tending to show that the full face value of the note could not be collected from the maker of the note, at least without expenses and costs of collection. There was a conflict of evidence as to the value of the property mortgaged, as above stated, and the fact that none of the installments had been paid for so many years cast doubt upon the contention of plaintiff that the note was worth its full face value. The fact that a promissory note has been dishonored by non-payment in the manner shown by the evidence in this case, is a vital fact bearing upon the question of its value. The question of the amount of recovery should have been left to the determination of the jury under proper instructions.

For the error above indicated the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.
LLOYD, J, dissents.